## City of Philadelphia, to use, Appellant, *v.* Ball.

*Paving—Dedication of streets—Ordinance.*

Where a city ordinance provides that "no street shall be accepted for public use of a less width than thirty feet," and a subsequent ordinance authorizes the paving of a certain street, provided that it shall "be first dedicated or properly opened," and it appears that the street in question, though of a width of thirty feet on the city plan, is opened of a less width and has not been accepted for public use, the city cannot recover for paving the street.

Argued Jan. 6, 1892.   Appeal, No. 301, Jan. T., 1891, by plaintiff, from judgment of C. P. No. 1, Dec. T., 1886, No. 94, M. L. D., on verdict for defendant.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Scire facias sur municipal claim by the city of Philadelphia to the use of David McMahon against Susanna T. Ball.

At the trial before BREGY, J., the facts appeared as follows: Defendant's property, against which lien was filed, abuts on Centre street.  This street has been used by the public for thirty or forty years; it is of unequal width opposite defendant's property, being from eighteen to twenty-one feet wide.

On May 3, 1855, councils passed an ordinance declaring that they would not accept the dedication of any street of less width than thirty feet.

In the same year, a plan of the locality was *confirmed* by the court of quarter sessions, upon which this street appears of the width of thirty feet.

In October, 1885, an ordinance was passed, directing the paving of Centre street: "Provided said street shall be first dedicated or properly opened."

The street has never been opened to conform to the lines of the confirmed plan of the city, viz., to make it throughout a thirty-foot street.

Defendant offered in evidence city plan showing Centre street from Main street to Evans street.  Objected to, objection overruled, exception. [1]

Defendant offered in evidence ordinance of May 3, 1855. Objected to, objection overruled, exception. [2]

Defendant offered in evidence deed of defendant's property dated March 31, 1866. Objected to, objection overruled, exception. [3]

The court instructed the jury to find for the defendant. Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) the rulings on the evidence; (4) the charge of the court; and (5) the entry of judgment on the verdict.

*S. Davis Page, E. P. Allinson, Boies Penrose,* and *H. W. Page* with him, for appellant.—The use of the ground by the public as a highway for forty years, was a dedication within the meaning of the proviso in the ordinance of 1885, and establishes the fact that the street had been dedicated by the owners and accepted by the public: Com. v. Cole, 26 Pa. 187; Mercer v. R. R. Co., 36 Pa. 99; P. F. W. & C. R. Co. v. Dunn, 56 Pa. 280.

The street having been accepted by the public user of forty years, its unequal width was no bar to the city's duty to pave it: Darlington v. Com., 41 Pa. 63.

The city would have been liable for injuries arising from want of repair to the street so used by the public.

*R. C. McMurtie* and *Lewis D. Vail,* for appellees, were not heard.

Per Curiam, January 25, 1892.

The matters referred to in the first three specifications were properly admitted in evidence. Their discussion is unnecessary.

The only other specification is, that the learned judge erred in instructing the jury to find a verdict for the defendant. The action below was a scire facias sur municipal claim for paving Centre street, in the 22d ward of the city of Philadelphia. The said street, from Main street to the end of defendant's property, is laid down on the authorized city plans as a street thirty feet wide. The ordinance of Oct. 12, 1885, under the provisions of which the said paving was alleged to have been done, provided that the said Centre street should be first dedicated or properly opened. This is the precise language of the ordinance. It does not appear that the said street, from Main street to the end of the defendant's property, has ever been opened.

The ordinance of May 3, 1855, provides, "that hereafter no street shall be accepted for public use of a less width than thirty feet." We do not understand this ordinance to have been repealed. Centre street, where it touches defendant's property, is of a less width than thirty feet, and does not appear to have been accepted for public use by the city of Philadelphia. The city ordinance only authorized the paving of the street after it should have been dedicated or properly opened. These prerequisites not having been complied with, we are unable to see any authority for paving it at the expense of the abutting property owners. As there does not appear to have been any disputed questions of fact in the case, we are of opinion that the learned judge below was right in directing a verdict for the defendant.

Judgment affirmed.